232

Michael Woodford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

John J. Sodul, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Marian Gondek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joseph Magurczek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

George Sweeney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Francis Socha, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 2, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*Richard P. Hunter, Jr.,* for petitioners.

*John Kupchinsky,* Assistant Attorney General, with him *GuruJodha Singh Khalsa,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., November 8, 1979:

Petitioner (claimant) is a member of the International Brotherhood of Firemen, Oilers, Powerhouse Operators, and Maintenance Men, Local 473, AFL-CIO, the collective bargaining agent for the operators at Bunge Corporation.[1] The membership of that union had been working under the terms of a collective bargaining agreement between the union and the corporation, which agreement was set to expire on February 15, 1977. Prior to that date, negotiations had taken place regarding a new agreement, but none had been

---

[1] Counselors for both sides have stipulated that the claim of Michael Woodford, No. 2054 C.D. 1978, would be treated as the lead case and determinative with regard to the other claimants listed as petitioners in this dispute.

reached. On February 15, 1977, the union members voted to strike and instituted a work stoppage. Pickets were set up the following day, and claimant stopped working.

Claimant appeals to this Court after having been declared ineligible for benefits by the referee and the Unemployment Compensation Board of Review (Board) because his unemployment resulted from a work stoppage due to a labor dispute as contemplated by Section 402(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).[2] The referee and Board concluded that the work stoppage was not caused by an employer lockout, as alleged by claimant, but rather by a strike initiated by the claimant's union. Because the claimant was a member of the union and an active participant in the strike, he did not fall within the relieving provisions found in Section 402(d) and was therefore ineligible for benefits. We affirm.

---

[2] Section 402(d) of the Law reads as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that (1) he is not participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work, and (3) he does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in, or directly interested in, the dispute.

43 P.S. §802(d).

The claimant alleges that certain actions of the employer initially changed the status quo and that the employer must therefore bear responsibility for the work stoppage. This Court has held that in cases where a work stoppage takes the form of a strike which is alleged by employees to be a constructive lockout the burden is upon the employees to demonstrate their willingness to maintain the status quo and their employer's unwillingness to do so. *Burkes v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 521, 402 A.2d 731 (1979). The test in determining the status quo is whether the employees have offered to continue working pending negotiations for a reasonable time under pre-existing conditions and whether the employer has permitted this work to continue. *Vrotney Unemployment Compensation Case,* 400 Pa. 440, 163 A.2d 91 (1960). Claimant alleges that the employer made entry to the place of employment difficult and deliberately created a lack of work, which claimant alleges constituted a lockout. However, there is ample evidence in the record to refute claimant's allegations and support the Board's finding that there was continuing work available under the terms and conditions of the existing contract which the claimant did not attempt to seek out. Instead, he actively participated in the strike and did not attempt to cross the picket line. Indeed, the record clearly supports the finding that the first alteration of the status quo was the strike. The disqualification of Section 402(d) applies.

Accordingly, we will enter the following

### ORDER

AND Now, November 8, 1979, the decision of the Unemployment Compensation Board of Review, Decisions No. B-162090, No. B-162092, No. B-162093, No. B-162095, No. B-162094, No. B-162091, dated July 31, 1978, are affirmed and benefits are denied.